UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| KENNETH BLUE, | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 3:18-cv-00974 (CSH) |
| CITY OF HARTFORD, KELLY KIRKLEY-BEY, individually and in her professional capacity, RJO WINCH, individually and in her professional capacity & THOMAS J. CLARKE II, individually and in his professional capacity, | APRIL 10, 2019 |
| Defendants. | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

**HAIGHT, Senior District Judge:**

On February 13, 2019, this Court issued a ruling (the "Omnibus Ruling") on motions to dismiss by Defendants the City of Hartford, Kelly Kirkley-Bey, Councilwoman rJo Winch, and Council President Thomas J. Clarke II. *Blue v. City of Hartford*, No. 3:18-cv-00974, 2019 WL 612217 (D. Conn. Feb. 13, 2019). Plaintiff alleged in his Complaint that Defendants had engaged in Title VII violations, harassed and retaliated against him, and intentionally and negligently inflicted emotional distress upon him. Doc. 1 ("Compl.") ¶¶ 157–162, 163–171, 178–183, 184–188. He also asserted a negligence claim against only the City of Hartford. *Id.* ¶¶ 172–177. The Title VII claims are the only federal claims in the Complaint, and this Ruling will refer to them interchangeably.

The Omnibus Ruling resulted in the dismissal with prejudice of Plaintiff's federal claims as to all Defendants, and dismissal of Plaintiff's state law claims without prejudice to filing in a state

1

court of competent jurisdiction. *Blue*, 2019 WL 612217, at *9. Plaintiff has now filed a motion for reconsideration.[1] Doc. 39 ("Reconsideration Mtn"). The Court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the arguments raised in Plaintiff's motion for reconsideration of the Omnibus Ruling.

## I. STANDARD OF REVIEW

Regarding motions for reconsideration, this District's Local Rules state that:

> Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

D. Conn. L. Civ. R. 7(c). The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). This standard is "strict," and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party [is] seek [ing] solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

---

[1] Plaintiff first filed his motion for reconsideration on February 20, 2019—seven days after the Court issued the Omnibus Ruling. Doc. 38. This filing omitted exhibits, and so Plaintiff filed the motion again with the intended exhibits on February 21, 2019. Reconsideration Mtn. The Court will consider the motion as timely filed.

## II. DISCUSSION

Plaintiff presents four reasons for reconsideration. First, he is entitled to an opportunity to amend or replead. Reconsideration Mtn, at 3. Second, the Complaint had sufficiently met the Title VII pleading standard, contrary to the Court's Omnibus Ruling. *Id.* at 6. Third, there is newly available evidence attained from depositions to support his federal claims. *Id.* at 11. Fourth, reconsideration is needed to correct a clear error in the scheduling order. Although the second and fourth arguments are without merit, the Court finds the first and third arguments sufficiently persuasive to require modification of its prior Ruling, solely with respect to the dismissal of Plaintiff's Title VII claims against the City of Hartford.

### A.     Re-litigating

"Plaintiff avers he satisfied the pleading standards to at least be afforded an opportunity to amend or replead his federal claims against employer City of Hartford." Reconsideration Mtn, at 6. Specifically, he argues that he had met the Title VII pleading standard by alleging in his Complaint that "he was discriminated against on the basis of his race—African American, and sex—male, with respect to his terms, conditions and privileges of employment in that he was repeatedly harassed and sexually harassed by Defendant Kirkley-Bey without consequence." *Id.* at 7.

This appears to be an attempt to re-litigate the Court's conclusion that Plaintiff did not meet the pleading standard for a Title VII status-based discrimination claim. *Blue*, 2019 WL 612217, at *6. While "[i]t is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple,'" *Cope v. Wal-Mart Stores E., LP*, No. 3:15-CV-01523 (CSH),

2017 WL 4542045, at *1 (D. Conn. Oct. 11, 2017) (citations and internal quotation marks omitted), the Court finds it necessary to clarify the Omnibus Ruling's determination that Plaintiff had not pleaded a Title VII claim.

Plaintiff attempts to re-argue the matter when insisting that he had pleaded his membership in a protected class and adverse employment action. Reconsideration Mtn, at 8–10. The Omnibus Ruling never established that his errors with respect to these elements were fatal.[2] Even though it doubted that Plaintiff could demonstrate adverse employment action with respect to his status-based discrimination claim, the Court gave Plaintiff the benefit of that doubt in order to more closely examine the more serious deficiencies contained therein. *Blue*, 2019 WL 612217, at *6. It also acknowledged that Plaintiff did sufficiently allege adverse employment action within his Title VII retaliation claims. *Id.* at *7. As for class membership, the Court acknowledged Plaintiff had either African American or Latin American heritage—which are both Title VII protected classes—despite the Complaint's lack of clarity regarding which of these protected classes to which Plaintiff was claiming membership.[3] *Id.* at *6. The Court discussed the confusion surrounding Plaintiff's background because Plaintiff had pointed to instances that were allegedly indicative of racial discrimination but knowing Plaintiff's claimed racial membership was important to evaluating those examples. *Id.* The Court nonetheless agreed with Plaintiff that a slur directed at him could show

---

[2] Plaintiff is correct that the Court found that Plaintiff had claimed some sort of protected class in the Complaint, but he misinterprets a sentence in the Omnibus Ruling to come to this conclusion. *See* Reconsideration Mtn, at 8. The Court's acknowledgment that Plaintiff had surmounted "the administrative jurisdictional hurdles to bring his Title VII allegations into federal court" clearly refers to the preceding sentence stating that he was able to get a release of jurisdiction from the U.S. Equal Employment Opportunity Commission. *Blue*, 2019 WL 612217, at *4.

[3] Plaintiff has now clarified that he is not a Latino male. *See* Reconsideration Mtn, at 7 n.1.

a discriminatory motive before it turned to the decisive reason for why his Title VII claims failed. *Id.*

"The chief issue is that Plaintiff has not alleged that these adverse employment actions, or any actions for that matter, were done *because* Plaintiff is a member of a protected class." *Id.* (emphasis added). Plaintiff's motion briefly mentions this, citing *Gregory v. Daly*, 243 F.3d 687, 689 (2d Cir. 2011), for the proposition that all that is needed is an allegation that permits "the inference that plaintiff was subjected to a hostile work environment" due to his membership in a protected class. Reconsideration Mtn, at 7. Plaintiff thus recognizes the problem, but he fails to point to anything in the Complaint that would permit the Court to infer a connection between Plaintiff's identity as an African American male and any adverse employment action by his *employer*, the City of Hartford. Protected class membership, standing alone, does not state a Title VII claim.

Based upon the allegations in the Complaint, the Court could reasonably infer a multitude of reasons as to why the City of Hartford—or Defendant Winch— took adverse employment action against Plaintiff.[4] For example: The City may have thought that keeping Plaintiff outside of City Hall would effectively prevent future conflicts between Plaintiff and Defendant Kirkley-Bey; Winch was unusually and aggressively protective of her executive assistant; the independent investigation had recommended disciplinary measures against Plaintiff for calling Kirkley-Bey a "crack head bitch," etc. *See* Compl. ¶¶ 13, 155; Doc. 1-1 at 20, 23. That Plaintiff is an African American male is not one of those inferable reasons. There is nothing in the Complaint to suggest the City or Winch's actions were colored by their attitudes regarding Plaintiff's race or gender. This missing nexus between Plaintiff's membership in a protected class and any adverse employment action is

---

[4] *See infra* Section II.C for discussion on vicarious liability as it pertains to Winch and the City of Hartford.

what derailed his Title VII claims against the City of Hartford.[5]

**B.    "Clear Error" by the Court**

Plaintiff also insists that this Court committed clear error by approving a scheduling order that omitted an explicit deadline for Plaintiff to amend the Complaint.  Reconsideration Mtn, at 13.  This "caused Plaintiff to believe that he would have time to correct any deficiencies in his complaint after the court ruled on the Defendants' motions to dismiss."  *Id.*  Plaintiff also believed that "moving to amend the complaint would have been inappropriate until the Court ruled on the Plaintiff's claims against the City of Hartford."  *Id.*  There is no substance to Plaintiff's apparent suggestion that the Court is responsible for Plaintiff's erroneous assumptions.[6]

The Rule 26(f) Report of the parties' planning meeting explicitly states that the parties requested "modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows."  Doc. 26 at 5.  It then selectively lists the various deadlines the parties sought to modify.  *Id.* at 5–8.  This Standing Order sets presumptive deadlines, including one for amending the complaint, that stand "[u]nless otherwise ordered by the preside Judge."  Civil Standing Orders, Standing Order on Scheduling in Civil Cases, D. Conn. L. Civ. R. Civil Appendix.  The Form 26(f) Report does not include such a reference to the Standing Order, meaning that the parties, Plaintiff

---

[5] Morever, nothing in Plaintiff's motion suggests the Court overlooked any precedence or facts in reaching this conclusion in the Omnibus Ruling.

[6] Plaintiff also refers to the Court's approval of the scheduling order and subsequent modification of the scheduling order, Reconsideration Mtn, at 3, perhaps to suggest that condoning continued discovery while motions to dismiss were pending signaled that the Court would deny the motions to dismiss.  To the extent that Plaintiff makes this argument, it is wholly rejected.  Motions to dismiss do not halt litigation in this District.  *See* Civil Standing Orders, Standing Order on Scheduling in Civil Cases, D. Conn. L. Civ. R. Civil Appendix ("The filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery.").

included, were aware of the Standing Order's presumptive deadlines and consciously incorporated the Standing Order into their Rule 26(f) Report. *See* Form 26(f) Report of Parties' Planning Meeting, D. Conn. L. Civ. R. Civil Appendix.

In approving the scheduling order as set out by the parties' Rule 26(f) Report, the Court presumed that they had no objections to the other deadlines mentioned in the Standing Order. Even without a clear deadline in the body of the 26(f) Report, Plaintiff could have sought leave from Court to file an amended complaint. Fed. R. Civ. P. 15(a)(2). He did not need to wait for the Court to act first. *See also In re American Express Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994) (citing *Song v. City of Elyria, Ohio*, 985 F.2d 840, 843 (6th Cir. 1993) ("[D]istrict court had no duty to instruct plaintiffs that they had the opportunity to move to amend their complaint.")).

Moreover, a few minutes of legal research would have shown Plaintiff that, instead of waiting for the Court to rule on Defendants' motions to dismiss and risking dismissal, the better legal strategy would have been to immediately move for leave to file an amended complaint as doing so would potentially moot the motions to dismiss.[7] *See In re Crysen/Montenay Energy* Co., 226 F.3d 160, 162 (2d Cir. 2000) ("It is well settled than an amended pleading ordinarily supersedes the original and renders it of no legal effect."); *United Rentals (N. Am.) Inc. v. Conti Enters., Inc.*, No. 3:15-CV-298 (JCH), 2015 WL 7257864, at *6 (D. Conn. Nov. 17, 2015) ("When a plaintiff amends its complaint

---

[7] Nor was the Court obligated to consider Plaintiff's declarations of an intent to submit an amended complaint in his opposition memoranda to Defendants' motions to dismiss as an actual motion for leave to file an amended complaint. *See Copeland ex rel. NBTY, Inc. v. Rudolph*, 160 F. App'x 56, 59 (2d Cir. 2005) (finding that district court's failure to address a footnote containing an informal request for leave to amend was not an abuse of discretion); *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) ("We agree with several of our sister circuits that a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a).").

7

while a motion to dismiss is pending, which happens frequently, the court then has a variety of ways in which it may deal with the pending motion [to dismiss], from denying the motion as moot to considering the merits of the motion in light of the amended complaint." (internal quotation marks and citations omitted)); *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008) ("[T]here is no recognized rule under which a pending motion to dismiss renders premature any motion for leave to amend . . . . Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." (citations omitted)); *Brown v. Napoli*, No. 07-CV-838S, 2008 WL 4507590, at *2 (W.D.N.Y. Sept. 29, 2008) ("Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss.").

Plaintiff's attempts to re-litigate issues and blame the Court for an adverse ruling cannot support this motion for reconsideration. Neither of these grounds furnishes a basis for departing from the prior decision to dismiss Plaintiff's federal claims. However, as stated *infra,* there are sufficient reasons to modify the dismissal with prejudice with respect to the federal claims against the City of Hartford.

**C.     General Manifest Injustice and Availability of New Evidence**

Plaintiff contends that it would be manifest injustice to dismiss his federal claims without granting him leave to replead. Reconsideration Mtn, at 3–6. He also represents that evidence, newly attained from depositions, supports his Title VII claims. *Id.* at 11–13. Having considered these contentions, the Court adheres to its prior holdings that Plaintiff did not meet Title VII pleading standards. However, an arguable possibility arises that Plaintiff's federal claims against the City of

Hartford may not be futile, a circumstance that would allow Plaintiff to file an amended complaint against that Defendant.

Plaintiff overstates the concept of amending pleadings when he asserts that courts must always allow parties to amend or replead their claims before dismissing them with prejudice. Reconsideration Mtn, at 4. "Leave to amend is to be given freely 'when justice so requires,' Fed. R. Civ. P. 15(a), unless the moving party acted with 'undue delay, bad faith or dilatory motive . . . . , repeated failure to cure deficiencies by amendments previously allowed,' or the amendment would create undue prejudice to the opposing party or be futile." *Singh v. Cigna Corp.*, 277 F. Supp. 3d 291, 324 (D. Conn. 2017), *aff'd*, No. 17-3484-CV, 2019 WL 1029597 (2d Cir. Mar. 5, 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *United Rentals (N. Am.) Inc. v. Conti Enters., Inc.*, No. 3:15-CV-298 (JCH), 2015 WL 7257864, at *4 (D. Conn. Nov. 17, 2015) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). *See also Danis v. Moody's Corp.*, 627 F. App'x 31, 32 (2d Cir. 2016) (affirming dismissal with prejudice of complaint against a defendant due to futility); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

As a matter of law, Plaintiff's Title VII claims against Defendants Kirkley-Bey, Winch, and Clarke are futile. This is because "Title VII 'does not create liability in individual supervisors and coworkers who are not the plaintiff['s] actual employers.'" *Blue v. City of Hartford*, No. 3:18-cv-00974, 2019 WL 612217 (D. Conn. Feb. 13, 2019) (quoting *Littlejohn v. City of New York*, 795 F.3d

9

297, 313 (2015) (quoting *Raspardo v. Carlone,* 770 F.3d 97, 113 (2d Cir. 2014))). There is no set of facts that Plaintiff could plead that would assign Title VII liability to these Defendants because they are not his employers. Plaintiff's federal claims against Defendants Kirkley-Bey, Winch, and Clarke remain dismissed with prejudice.

However, Plaintiff's motion for reconsideration raises the possibility that his Title VII claims against his employer, Defendant City of Hartford, may not be futile. Specifically, Plaintiff claims that the Defendant City of Hartford may be liable for actions done by Defendant Winch because Winch is a supervisor, and court precedence subjects employers to vicarious liability by supervisors. Reconsideration Mtn, at 10, 12. He also presents new evidence showing that Defendant Winch is a supervisor. *Id.* at 12. It was not readily apparent from the Complaint that Plaintiff could have pursued a vicarious liability theory for his Title VII claims. In fact, vicarious liability may not apply as it is unclear whether Winch has "immediate (or successively higher authority) over" Plaintiff and the affirmative defense that the City of Hartford "exercised reasonable care to prevent and correct promptly any [] harassing behavior" could apply as well. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

Nonetheless, the Court acknowledges that this line of vicarious liability cases was overlooked in its prior Omnibus Ruling. This is reason enough to reconsider the dismissal with prejudice of the federal claims against the Defendant City of Hartford. This is not be construed as a finding that Defendant City of Hartford can indeed be held vicariously liable for Defendant Winch's actions, only that Plaintiff's federal claims against Defendant City of Hartford may not be completely foreclosed at this stage of litigation.

With respect to whether this is enough to completely vacate the dismissal of Title VII against the Defendant City of Hartford, the Court adheres to its prior Ruling that Plaintiff has not met the pleading standards. Even under a successful vicarious liability theory, Plaintiff has not alleged that Defendant Winch's retaliation against him falls constitutes Title VII retaliation. "To violate Title VII, retaliation occurs because plaintiff 'engaged in protected activity—complaining about or otherwise opposing discrimination.'" *Blue*, 2019 WL 612217, at *7 (quoting *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 91 (2d Cir. 2015)). The Complaint certainly establishes that Plaintiff complained about Kirkley-Bey's animosity towards him and the lack of accountability she faced, but these are not the types of complaints that are protected under Title VII. *See Blue*, 2019 WL 612217, at *7 ("[N]owhere in Plaintiff's pleadings does he mention having complained *about discrimination*." (emphasis in the original)). Plaintiff has still not alleged the "because of" element required of a Title VII claim. That is so, even if the City of Hartford bears an employer's vicarious Title VII liability as the result of the conduct of Winch.

### III. CONCLUSION

Amending the Complaint with respect to the federal claims against individual Defendants Kirkley-Bey, Winch, and Clarke would be futile because case law bars holding non-employers liable under Title VII. Plaintiff does, however, bring Title VII claims against his employer, the City of Hartford. While Plaintiff's arguments in this motion do not persuade the Court that it erred in dismissing his Title VII claims against Hartford, he has shown that these claims may not be so futile that it warrants a dismissal with prejudice at this stage.

Accordingly, for the reasons discussed herein and in the Omnibus Ruling, Plaintiff's motion for reconsideration will be GRANTED to the extent that the dismissal of Plaintiff's federal claims

against the City of Hartford will be without prejudice (instead of with prejudice, as in the prior Ruling), and Plaintiff will be granted leave to re-file Title VII claims against Defendant City of Hartford.  Plaintiff must file an amended complaint that is consistent with this opinion and Rule 11 of the Federal Rules of Civil Procedure on or before **May 10, 2019**.  If no amended complaint is filed, the Clerk will be instructed again to close the file.

    It is SO ORDERED.

    Dated: New Haven, Connecticut
          April 10, 2019

    */s/ Charles S. Haight, Jr.*
    CHARLES S. HAIGHT, JR.
    Senior United States District Judge